UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BROOKS, | No. 2:18-cv-0409-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ERIC ARNOLD, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a petition (ECF No. 1) which, for the reasons stated below, does not state a viable federal claim.

I. Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

II. Background

Petitioner is a state prisoner serving an indeterminate term of fifteen years to life for a second degree murder conviction. ECF No. 1 at 1. He raises three claims challenging the denial

1

of parole. First, he argues that he has currently served over twenty-seven years and this amounts to cruel and unusual punishment in contravention of the Eighth Amendment. *Id.* at 4. Second, he argues that the parole board failed to provide any evidence that his release on parole poses "an unreasonable risk of danger." *Id.* Third, petitioner argues that the Calaveras County Superior Court's erroneous decision to deny his state habeas petition violated his Eighth Amendment right to be free from cruel and unusual punishment and his equal protection rights. *Id.* at 5.

III. Analysis

The court finds that, based on the petition and its attached exhibits, petitioner is clearly not entitled to relief.

A. Cruel and Unusual Punishment

Serving more than twenty-seven years for a second-degree murder conviction does not offend the Eight Amendment. The Supreme Court has held that "[a] gross disproportionality principle is applicable to sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Here, petitioner acknowledges that he was sentenced for commission of second-degree murder. ECF No. 1 at 1. The Supreme Court has upheld the proportionality of more severe sentences for far less serious crimes. *See Hutto v. Davis*, 454 U.S. 370, 374-75 (1982) (upholding a 40-year sentence for possession and distribution of nine ounces of marijuana); *Harmelin v. Michigan*, 501 U.S. 957,1005 (1991) (upholding mandatory life sentence for first offense of possession of 672 grams of cocaine); *Ewing v. California*, 538 U.S. 11, 28-30 (2003) (upholding a 25-years-to-life sentence for third strike conviction for shoplifting, in light of petitioner's 16-year criminal history including numerous misdemeanor and felony convictions). Thus, this claim necessarily fails.[1]

B. Sufficiency of the Evidence

As noted *supra*, petitioner argues that the parole board failed to offer any evidence to support its determination that his parole represented an unreasonable risk of danger. In *Swarthout*

---

[1] Petitioner makes reference to the fact that his "base term and adjusted base term" is one-hundred and sixty months. ECF No. 1 at 1. It is unclear what this means or how it affects his claim. Regardless, it obviously implicates some aspect of his state sentence and, thus, is subsumed by the foregoing proportionality analysis.

2

*v. Cooke*, the Supreme Court held that, with respect to parole hearings, federal due process requirements are satisfied where a prisoner "was allowed an opportunity to be heard and was provided a statement of reasons why parole was denied." 562 U.S. 216, 220 (2011) (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). Petitioner has attached a transcript of his parole hearing to his petition and it is clear that both of the foregoing requirements were satisfied. He was afforded an opportunity to be heard (ECF No. 1 at 89-121) and the board offered reasons for denying him parole (*id.* at 156-168). Petitioner argues that the parole board failed to adhere to the "some evidence" standard articulated by the California Supreme Court in *In re Lawrence*, 44 Cal. 4th 1181, 1191 (2008). Even if this contention is correct, it does not affect this court's analysis. The Supreme Court has explained:

> It will not do to pronounce California's "some evidence" rule to be a component of the liberty interest. Such reasoning would subject to federal-court merits review the application of all state-prescribed procedures in cases involving liberty or property interests, including (of course) those in criminal prosecutions. That has never been the law. To the contrary, we have long recognized that a mere error of state law is not a denial of due process.

*Swarthout*, 562 U.S. at 221-222 (internal citations and quotation marks omitted). Consequently, this claim must be denied.

### C. State Court Error

Petitioner's third claim is also unavailing. This court has already concluded that the denial of parole did not violate federal law. And federal habeas relief is not available for state court errors in interpreting or applying state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

### IV. Conclusion

Accordingly, it is hereby ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

/////

/////

/////

Further, it is hereby RECOMMENDED that the petition (ECF No. 1) be DISMISSED for

3

failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 14, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE